U.S. Bank N.A. v DLJ Mtge. Capital, Inc. (2022 NY Slip Op 05819)

U.S. Bank N.A. v DLJ Mtge. Capital, Inc.

2022 NY Slip Op 05819

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Manzanet-Daniels, J.P., Mazzarelli, Oing, Kennedy, Mendez, JJ. 

Index No. 650369/13 Appeal No. 16451 Case No. 2022-02848 

[*1]U.S. Bank National Association, Solely in its Capacity as Trustee of the Home Equity Asset Trust 2007-1 (HEAT 2007-1), Plaintiff-Appellant,
v
DLJ Mortgage Capital, Inc., Defendant-Respondent.

Kasowitz Benson Torres LLP, New York (David J. Abrams of counsel), for appellant.
Orrick, Herrington & Sutcliffe LLP, New York (Richard A. Jacobsen of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered June 1, 2022, which denied plaintiff's motion pursuant to CPLR 3217(b) to discontinue the claims relating to the 480 loans not specifically identified in pre-suit breach notices without prejudice to refiling those claims in a new action under CPLR 205(a), unanimously affirmed, with costs.
Plaintiff's motion was properly denied because CPLR 205(a) does not apply to actions that were voluntarily discontinued, which is precisely what plaintiff seeks to do here. The prior appeal did not result in the dismissal of the subject claims, as plaintiff implicitly concedes by its motion to discontinue (see U.S. Bank N.A. v DLJ Mtge. Capital, Inc., 38 NY3d 169, 176-183 [2022] [US Bank I]). Plaintiff instead argues that it was compelled to discontinue the 480 loan claims in order to cure the fatal procedural defect occasioned by the change in law represented by that decision. The Court of Appeals has cautioned against inquiring into the reason behind a facially voluntary discontinuance in this way (see George v Mt. Sinai Hosp., 47 NY2d 170, 180 [1979]). At any rate, here, the claimed procedural defect — the failure to send pre-suit notices — was not actually fatal, as plaintiff can still prevail if it proves that defendant independently discovered the breaches, notwithstanding that such proof may be time-consuming or costly to gather.
In view of our disposition of this issue, we need not reach the remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022